UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **NORTH 59 INVESTMENTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-947** |
| **KANETHA CHAU, WIFE OF AND TAEHWAN OH** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that North 59 Investments, L.L.C.'s Motion to Remand (Doc. #16) is **GRANTED**, and this matter is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.[1]

### BACKGROUND

This matter comes before the court on a motion to remand filed by plaintiff, North 59 Investments, L.L.C. Plaintiff contends that this matter should be remanded because the removal was untimely pursuant to Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure.

---

[1] After they removed the case, Kanetha Chau and Taehwan Oh, filed a motion to refer the matter to the United States Bankrutpcy Court for the Eastern District of Louisiana. The district court referred the matter to the bankruptcy court, but later revoked the referral. Kanetha Chau and Taehwan Oh's filed a Motion to Vacate Order, or Alternatively to Refer the Matter to the United States Bankruptcy Court (Doc. #7). However, that motion is rendered moot by this ruling because the matter is remanded to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, and therefore cannot be referred to the bankruptcy court.

In 2007, defendants, Kanetha Chau ("Chau") and Taehwan Oh ("Oh"), formed C&O Enterprises, LLC ("C&O"). In 2008, plaintiff made a loan to C&O. On June 5, 2009, C&O filed a voluntary petition for bankruptcy relief under Chapter 11 in the United States Bankruptcy Court for the Eastern District of Louisiana.

On August 4, 2009, plaintiff filed suit in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana against Chau and Oh, individually, for their allegedly fraudulent representations to plaintiff in connection with securing the loan for C&O. The defendants were served on August 21, 2009. On March 22, 2010, defendants removed the action to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1452(a), alleging that it is related to C&O's bankruptcy.

**ANALYSIS**

Pursuant to 28 U.S.C. § 1452(a), a party may remove a civil action to the district court where the civil action was originally filed if the district court has jurisdiction under 28 U.S.C. § 1334, because the civil action arises in or is related to a bankruptcy proceeding. Neither § 1334 nor § 1452 specify a time limit for removal. However, Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure provides that when a civil action is initiated after the commencement of the bankruptcy case a notice of removal must be filed "within the shorter of (A) 30 days after the receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons."

2

Plaintiff's state court suit was initiated after the commencement of C&O's bankruptcy. Defendants were served with plaintiff's suit on August 21, 2009. On March 22, 2010, defendants filed their notice of removal. Because defendants filed their notice of removal more than thirty days after they received plaintiff's initial pleading setting forth the claim or cause of action sought to be removed, defendants' removal was clearly untimely under Rule 9027(a)(3).

## CONCLUSION

**IT IS HEREBY ORDERED** that North 59 Investments, L.L.C.'s Motion to Remand (Doc. #16) is **GRANTED**, and this matter is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

New Orleans, Louisiana, this  28th  day of May, 2010.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**